## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **GREENTHREAD, LLC,**      *Plaintiff,*        §§§§§§§§§§§    **CIVIL NO. 6:22-CV-00105-ADA** | |

**GREENTHREAD, LLC,**
               *Plaintiff,*

–v–

**INTEL CORPORATION; DELL INC.;**
**and DELL TECHNOLOGIES, INC.,**
               *Defendants.*

§
§
§
§
§
§
§
§
§
§
§

**CIVIL NO. 6:22-CV-00105-ADA**

### VENUE DISCOVERY DISPUTE ORDER

The Court hereby resolves a discovery dispute submitted to the Court by email by Greenthread, LLC ("Plaintiff") and Intel Corporation ("Defendant"). The "First Issue" is whether the Court should compel Intel to produce evidence of its business relationship, in-person negotiations, or local contracts with defendant Dell. The "Second Issue" is whether the Court should compel Intel to disclose individuals it encountered while investigating the factual allegations asserted in its Motion to Transfer but chose not to disclose. Plaintiff's requested relief on both issues is **GRANTED-IN-PART**.

### Plaintiff's Position on the First Issue:

Intel moved to transfer this case to Oregon and to sever the case against Dell on the basis that the key Intel witnesses and documents are located in Oregon or California (Dkt. 60). Dell has separately moved to transfer this case to the Austin Division, where Dell is headquartered (Dkt. 65). In response to both motions, Greenthread served discovery requests seeking the following: (1) Intel's contracts with Dell to furnish the Accused Products (RFP 3); (2) documents evidencing Intel's in-person meetings or negotiations with Dell relating to the Accused Products (RFP 8 and

Topic For Examination 26); and (3) Intel's business relationship with Dell (Topic for Examination 22).

In evaluating whether to transfer this case, this Court must consider this District's interest in deciding localized disputes, which focuses on the events giving rise to this suit. Intel asserts that the only relevant events are where the design and development of the Accused Products took place. But no case so narrowly defines the local interest. Rather, part of the relevant events giving rise to this suit are Intel's *sale* of Intel's Accused Products to Dell, its largest customer, who is headquartered in this District. All of Intel's employees responsible for the sale and marketing of Intel's products to Dell reside in this District. Therefore, when Intel met with Dell to discuss, negotiate, or purchase the Accused Products, those discussions and meetings likely occurred in this District. Intel's contracts with Dell to furnish the Accused Products were likely similarly negotiated, executed, and performed in this District. Moreover, the close and longstanding relationship between Dell and Intel in which Intel furnishes Dell Accused Products for retail sales will show Intel's close connection to this District. Finally, while Intel produced a master agreement (including amendments) with Dell, this agreement does not specifically relate to the Accused Products and merely establishes general contractual obligations between Intel and Dell. Intel has failed to produce relevant agreements relating to the Accused Products, such as any statement of work or pricing agreements for the Accused Products. These agreements may show, for example, Dell's level of control or input into the design or development of the Accused Products, whether Dell executed or signed these agreements in this District, and forum selection clauses electing this District to resolve any disputes between them.

Intel's cited case law does not alter this analysis. In both *In re Hoffman-Law Roche Inc.* and *In re Samsung Elec. Co*, the Court held that national *retail* sales to consumers were not relevant

to the local interest. Neither case addresses the situation here, where one defendant (Intel) designs and develops products that another defendant (Dell), headquartered in this District, purchases and then incorporates into a separate group of accused products. Neither case stands for the proposition that meetings or negotiations occurring in this District that result in the incorporation of one type of accused product into another are irrelevant to the local factor. Such meetings are necessarily part of the developmental cycle for Dell Accused Products, which this Court has repeatedly found is relevant to the local interest. And neither case finds that testimony describing the business relationship between two defendants is irrelevant to the local factor. Given that Dell is headquartered in this District, and Intel's entire division dedicated to the sale and marketing of products to Dell is similarly located in this District, the relationship between them is relevant to the local factor.

**Relief:** Compel Intel to (1) produce all contracts with Dell relating to the Accused Products; (2) produce documents evidencing Intel's in-person meetings with Dell occurring in this District; and (3) designate an individual to testify on Topics for Examination 22 and 26 no later than 7 days after the Court rules on this motion.

## <u>Defendant's Position on the First Issue:</u>

Greenthread has failed to identify any unique local interest that supports its broad discovery requests regarding Dell and Intel's business relationship. In evaluating the local interest, this Court considers the "significant connections between a particular venue and *the events that gave rise to a suit*." *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (emphasis in original). As an initial matter, Greenthread has not identified any "significant connections" giving rise to a localized interest in the Waco Division—nor can it, as Intel has no employees located in the Waco Division.

Moreover, as explained in the sworn declaration of Donnie Oliphant, Dell was not and is not involved in the design, development, or manufacture of any Intel products, including the accused functionality (i.e., graded dopant regions). *See* Oliphant Decl. ¶6. Consequently, any meetings between Intel and Dell in this District, and Intel and Dell's business relationship more broadly, have little relation to the "events that gave rise" to Greenthread's lawsuit—and certainly no connection that would justify requiring Intel to identify all such meetings and other evidence regarding the parties' "business relationship" over an undefined time period.

Further, to the extent Intel's sale and marketing of accused products to Dell is a relevant event giving rise to this lawsuit, it does not create a unique local interest in this District. Intel sells Dell the same processors and flash memory products that it sells and markets to customers throughout the world, and Dell's products that incorporate the Intel products likewise are sold throughout the world. The Federal Circuit has held that "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue" (without singling out retail sales for this proposition, as Greenthread contends). *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *see also In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) ("The fact that infringement is alleged in the Western District of Texas gives that venue no more of a local interest than…any other venue."). Greenthread cites no authority to support that component sales to a company headquartered in this District create a local interest when that component is otherwise sold to customers worldwide. In the absence of any specific local interest in the sales from Intel to Dell, Greenthread has failed to demonstrate why discovery regarding these sales is relevant to the transfer inquiry.[1]

---

[1] Greenthread also incorrectly states that "[a]ll of Intel's employees responsible for the sale and marketing of Intel's products to Dell reside in this District." Intel's employees that are responsible for sales and marketing to Dell are located throughout the world, including in this District.

Greenthread's request that Intel produce "all contracts" between Intel and Dell is not proportionate to the needs of venue discovery. Because Greenthread's request is not time-limited, there are potentially hundreds of responsive documents, including invoices and purchase orders. The burden of collecting these documents substantially outweighs their minimal relevance. First, Greenthread contends these agreements are relevant to "Dell's level of control or input into the design or development of the Accused Products," but Mr. Oliphant's sworn declaration explains that Dell is not involved in design and development of Intel products *at all*. Second, Greenthread has not cited any authority to support that "execut[ing] or sign[ing]…agreements in this District" creates a local interest that would render these agreements relevant. Third, the already-produced master agreements govern the legal relationship between Intel and Dell (including Delaware governing law) and do not include a forum selection clause in this District or otherwise.

**Relief**: Order that, in view of Intel's production of its agreements with Dell, Intel need not produce additional documents in response to RFP Nos. 3 and 8 and need not designate an individual to testify on Topics for Examination 22 and 26.

<u>**Plaintiff's Position on the Second Issue:**</u>

In the Motion to Transfer, Intel claims that all relevant employees are located in either Oregon or California and Intel elected to disclose certain "key witnesses" as probative of this assertion. Interrogatory 4 sought the identification of witnesses that Intel encountered during its investigation but elected *not* to disclose in the Motion to Transfer. Intel refuses to identify these individuals on two bases.

First, Intel claims that responsive individual's names and job responsibilities are privileged. But underlying facts are not privileged and parties may not use a privilege claim to prevent the disclosure of such facts. There is nothing privileged in a name or a job title. Indeed, one of Intel's

cited cases, *Mauze & Bagby,* held that the identity of a person with knowledge of relevant facts was *not* protected by either attorney client privilege or the work product doctrine and ordered it disclosed.[2] And even assuming that these names were privileged (which Greenthread does not concede), Intel has waived this privilege by "cherry picking" certain individuals to disclose in the Motion to Transfer while shrouding in privilege the remainder. By electing to disclose certain results of its investigation (*i.e.*, the sword), Intel has waived its privilege claim as to the remaining results (*i.e.*, the shield). Intel claims that this position is "illogical" because it would waive privilege over "every discovery response or pleading in a litigation." Not so. Rather, it requires parties to fully disclose facts a party chose to partially disclose. *See, e.g., Fultz v. Federal Sign*, No. 94 C 1931, 1995 WL 76874 (N.D. Ill.) ("One cannot assert the attorney/client privilege to keep an opponent from discovering facts about an investigation when the investigation is to be used at trial as a defense to defeat the opponent's allegations. . . Defense wishes to have its cake and eat it too. It argues that the investigation should be deemed privileged matter and therefore protected from any form of discovery, but at the same time wishes to reserve its right to use it to rebut the plaintiff's allegations. This I think would be an unfair advantage. While the investigation . . . would ordinarily be privileged, that privilege is lost once the claimant of the privilege asserts his right to use the investigation as part of his or her case in the litigation"). Second, Intel claims that it has already provided the names and supervisory organizations of all Intel employees who are located in Texas or Oregon. This partial disclosure does not obviate Intel's obligation to identify responsive employees who may reside outside Texas or Oregon and who would be inconvenienced by transferring this case to Oregon. Further, Intel's identification of Texas

---

[2] Intel also cited *AGS Enterprises* for the proposition that Intel's entire investigation is privileged. But the plaintiff in *AGS Enterprises* sought the production of the communications themselves, rather than the disclosure of facts contained therein.

employees does not provide sufficient detail or information for Greenthread to identify the responsive employees. Intel elected to disclose employees by supervisory organization, and these supervisory organizations are so generally and vaguely defined (*e.g.*, "Design Engineering Group" or "Technology Development") that Greenthread cannot identify the responsive employees by only reviewing the provided spreadsheet.

**Relief:** Compel Intel to identify employees and teams that it encountered during its investigation of the factual allegations and assertions made in the Motion to Transfer but elected not to disclose no later than 7 days after the Court rules on this Motion.

## <u>Defendant's Position on the Second Issue:</u>

Just like any investigation performed in preparing a pleading (*e.g.*, a complaint) or a discovery response, Intel's investigation related to its motion to transfer is privileged, and filing the motion (and supporting declarations) based on non-privileged facts does not dissolve the privilege that otherwise attaches to the investigation. *See U.S. ex rel. Univ. Loft Co. v. AGS Enterprises, Inc.*, No. SA-14-CA-528-OLG, 2016 WL 9462335, at *8 n.75 (W.D. Tex. June 29, 2016) (communications with potential witnesses were "part of [party's] witness development…developed during the investigation of its claims, warrant[ing] protection as work product"); *In re Hardwood P–G, Inc.*, 403 B.R. 445, 470 (Bankr. W.D. Tex. 2009) (requesting a party to "list 'all persons that they interviewed during the course of their investigation' … does tend to reveal work product and ought to be proscribed"); *Benevis, LLC v. Mauze & Bagby, PLLC*, No. 5:12-CV-36, 2015 WL 12763537, at *17 (S.D. Tex. Dec. 14, 2015) (same). Both *Hardwood* and *Benevis* explain that the identities of individuals ***with relevant knowledge*** are discoverable, but that the identities of all individuals interviewed in an investigation is protected work product. Greenthread seeks discovery into the latter category, which impermissibly invades upon the work

product protection. This stands in contrast to *Benevis*, where the court ordered the disclosure of the identity of a consulting expert, not fact witnesses, who had relevant personal knowledge and was paid to advise defendants regarding issues in the case.

The out-of-circuit case cited by Greenthread, *Fultz v. Federal Sign*, is inapposite. In that case, the defendant sought to reserve its right to rely on a privileged internal investigation of an employee's termination to show that the termination was not retaliatory. *Fultz*, 1995 WL 76874, at *2. The court found that defendant's reliance on the investigation for its defense waived privilege over the whole investigation. *Id.* Here, in contrast, Intel is not relying on any privileged findings from its investigation in support of its motion to transfer, but rather only relies on nonprivileged facts discerned through that investigation. Those nonprivileged facts, which have been provided to Greenthread, include the identity of *all* employees in the transferee (Oregon) and transferor (Texas) districts and *all* relevant NAND employees. Intel's investigation into those facts, including the identity of all individuals interviewed, is protected work product, and that protection has not been waived.

Moreover, Intel did not "cherry pick[]" the individuals disclosed in its motion to transfer and in its discovery responses. Rather, the sworn declarations from Intel employees identify the locations of key witnesses based on the present allegations—which is the most important factor when considering convenience of witnesses, *see VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254-ADA, 2019 WL 8013949, at *4 (W.D. Tex. Oct. 7, 2019)—and Intel has identified all employees in the transferee and transferor districts all relevant NAND employees, and all Technology Development employees. In view of the information that Intel has already produced, Greenthread has not articulated any valid basis to invade the privilege protecting Intel's investigation.

**Relief**: Order that Intel need not reveal privileged information/work product related to its investigation, including "the identity of employees and teams that it encountered during its investigation but elected not to disclose," to the extent such information exists.

## Court's Ruling on the First Issue:

Defendant makes three objections to producing information about its business evidence of its business relationship, in-person negotiations, or local contracts with a company in Austin: 1) that this request has no relevance under Federal Circuit transfer law, 2) that based on the Oliphant Declaration, there is no likelihood of uncovering relevant evidence, and 3) that the discovery is unfairly burdensome. The objections are overruled.

The Court overrules the relevance objection because Plaintiff's argument relates to disputed facts about Intel's business ties to Dell in Austin, Texas. These events may give rise to a local interest. Intel argues that under Federal Circuit interpretations of Fifth Circuit transfer law, Plaintiff's evidence is irrelevant. However, Plaintiff may make non-frivolous challenges to the Federal Circuit's interpretation of Fifth Circuit transfer law. *See Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 3723303, at *4, *13 (W.D. Tex. Aug. 29, 2022).

The Court is not persuaded by Defendant that "as explained in the sworn declaration of Donnie Oliphant, Dell was not and is not involved in the design, development, or manufacture of any Intel products, including the accused functionality (i.e., graded dopant regions). *See* Oliphant Decl. ¶6." This paragraph of the Oliphant Declaration states,

> To the best of my knowledge, Dell has no involvement in or knowledge of the design, development, or manufacture of Intel products. Intel provides Dell with high-level information regarding product tiers for its products, and Dell selects which Intel components to include in its products based on that information. To the best of my knowledge, Dell also does not alter or modify Intel's products before they are incorporated into Dell products.

The Oliphant Declaration only proves that one individual named Donnie Oliphant lacks *personal knowledge* about Dell's involvement in the design, development, and manufacturer of Intel Products. The limited nature of the declaration does not support the full scope of Defendant's argument.

As to the undue burden on Plaintiff, the Court agrees that discovery requests should be time-limited. The Court otherwise overrules Defendant's burden objection.

This Court's Order Governing Proceedings protects defendants from frivolous plaintiffs who seek settlements based not on merit but based on the burden of discovery. Hence, the Court's default schedule defers fact discovery until after the *Markman* hearing so that parties can cost-effectively reach the first merit milestone in a case.

A defendant who files a transfer motion for convenience opens itself up to the burden of early venue discovery and discards the opportunity to cost-effectively reach the *Markman* hearing. The defendant imposes a discovery burden and burden of opposition on the plaintiff. The defendant burdens the Court with venue discovery disputes and with the burden of opining on the motion to transfer. A defendant's argument that venue discovery is disproportionately burdensome carries little weight when the discovery burden originated from the defendant's motion, and when the defendant's motion imposes far greater burdens on opposing counsel and on this Court, all for the marginally better convenience of the defendant at trial.

If Defendant truly believes that the burden of venue discovery is so great, then Defendant can withdraw its motion to transfer, and the Court will cancel all pending venue discovery.

**IT IS HEREBY ORDERED THAT** Intel shall (1) produce all contracts with Dell relating to the Accused Products after meeting and conferring on an appropriate time limit; (2) produce documents evidencing Intel's in-person meetings with Dell occurring in this District after meeting

and conferring on an appropriate time limit; (3) designate an individual to testify on Topics for Examination 22 and 26 no later than 7 days after the Court rules on this motion; and (4) if Defendant has not yet done so, identify responsive employees who may reside outside Texas or the proposed destination venue.

### Court's Ruling on the Second Issue:

By bringing a motion to transfer supported by a declaration on the location of relevant employees, Defendant has raised a factual issue that Plaintiff may seek discovery on. This includes the names of all relevant employees and how their job relates to the asserted patents in this case. Plaintiff challenges the credibility of the declaration and alleges that Defendant has cherry-picked relevant individuals. Plaintiff must be given an opportunity to investigate the underlying facts and to cross-examine the declarant. This goes directly to whether the venue declarant performed an investigation using a methodology adequate to uncover all relevant individuals. Plaintiff may depose some of unselected individuals, and then Plaintiff may argue about why these individuals are relevant to this case for purposes of transfer.

Generally, the people to whom a declarant spoke to when investigating the names, locations, and job descriptions of employees are not privileged facts if the Defendant's declarant puts the outcome of this investigation and the underlying facts at issue to support a transfer motion.

Attorney-client privilege and work-product privilege protect the investigation of Defendant's counsel. If Defendant's counsel spoke with someone while investigating this case, then that conversation is privileged and need not be revealed.

**IT IS HEREBY ORDERED** that Intel shall identify employees and teams that its non-attorneys encountered during its investigation of the factual allegations and assertions made in the

Motion to Transfer but elected not to disclose no later than 7 days after the Court rules on this

Motion.

      **SIGNED** this 1st day of September, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE